Dear Ms. Naquin:
Your request for an opinion of this office has been forwarded to me for research and reply. Before Hurricane Rita hit Southwest Louisiana, the City of Jennings received a $100,000 grant to build a sidewalk on city property leading to a school in Jefferson Davis Parish. However, because of the hurricanes, the project was put on hold. Now, the funds are available and the City is ready to move forward, but based on an increase in the cost of materials and labor, the sidewalk will now cost between $180,000 and $190,000. The Mayor of the City of Jennings has requested that the School Board split the costs exceeding the grant with the City. Therefore, you seek an opinion of this office as to whether school board funds may be spent on a portion of the expense of the sidewalk.
Municipalities are authorized to construct sidewalks by La.R.S.33:3301, which provides:
 Municipalities, including those operating under a home rule or special legislative charter, may construct, pave, surface, resurface with concrete, cement, asphalt, brick, gravel, crushed stone, shell, or any paving material, and repair or otherwise improve streets, roads, sidewalks, and alleys, together with the necessary ditching, curbing, guttering, aprons, drains, and headers within their corporate limits, including such streets, alleys or other public ways which may be entirely within the limits or boundaries of such municipality, but along the boundary or limit thereof in such manner that abutting property on one side of such street or other public way is situated wholly or partly outside of such municipality, and may levy and collect local or special assessments on the real property abutting the improvements, including such property as may be *Page 2 
located outside the municipal limits but abutting a street or other public way located within the municipal limits, sufficient in amount to defray the total cost of the works, including street intersections, in the form and manner and subject to the limitations and restrictions as follows provided, however, that all such work shall be done under the provisions of R.S. 38:2211.
In this case, the City of Jennings has received a $100,000 grant to pay for the construction of the sidewalk leading to the school. Grants are commonly used to construct sidewalks in municipalities and are often the reason municipalities do not choose to levy and collect local or special assessments on the real property abutting the improvements. However, as the cost of the project has increased approximately $90,000, you question whether the Jefferson Davis Parish School Board and the City of Jennings may enter into an intergovernmental agreement, splitting the amount that exceeds the $100,000 grant.
La.R.S. 33:1324 expressly grants authority to parishes, municipalities, police juries, etc. to enter into agreements to perform intergovernmental functions. It provides, in part,
 "Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement . . ."
It is clear that municipalities are authorized (by La.R.S. 33:3301) to perform the activity that would be the subject of the intergovernmental agreement (i.e., building a sidewalk). It is also clear that a municipality may contribute funds toward the total cost of the project. La.R.S. 33:3318. However, whether the school board could donate public funds depends on whether the donation passes the test recently announced by the Louisiana Supreme Court in Directors of the Industrial DevelopmentBoard of the City of Gonzales, Louisiana, Inc. v. All Taxpayers, PropertyOwners, Citizens of the City of Gonzales, 938 So.2d 11, 23, 2005-2298
(La. 9/6/06) (the "Cabela's case"). In the Cabela's case, the Court *Page 3 
found that "Art. VII, § 14(A) is violated when public funds or property are gratuitously alienated."
We glean three things from the Cabela's case when it comes to determining whether an expenditure is gratuitous. First, it is evident that there must be a public purpose when expending funds. Second, the transaction must be looked at as a whole, and cannot appear to be gratuitous on its face. Third, public entities must have an expectation of receiving something of value when expending public funds. TheCabela's decision doesn't make it clear exactly what that value is or how it is calculated. In Cabela's, the non-gratuitous intent of the public entities was demonstrated upon a showing by the entities that they expected to receive more than what they gave up. While the Court didn't state that such a showing was necessary, it did make it clear that such a showing was an important factor in its decision. Therefore, it is clear to our office that a public entity must receive more than a nominal return or some minimal value in order for an expenditure to be non-gratuitous. If a public entity can show that it reasonably expects to receive at least equivalent value for the funds it expends or property it transfers, that would seem to show a non-gratuitous intent. Atty. Gen. Op. No. 07-0134.
Based upon the foregoing, it is the opinion of our office that in order for an expenditure or transfer of public funds or property to comply with Art. VII, Sec. 14(A), the public entity must show: (i) a public purpose for the expenditure or transfer; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) evidence demonstrating that the public entity has a reasonable expectation of receiving a benefit or value at least equivalent to the amount expended or transferred.
The public purpose in this case is clear: to provide safety to school children. Many children walk and/or ride bicycles to school on the path where the proposed sidewalk will be built. The sidewalk will mean children no longer have to walk/ride their bicycles in the street to get to school. The expenditure of public funds does not appear to be gratuitous on its face because in exchange for the public funds spent, the school board gets a sidewalk for the children to walk/ride bicycles safely to school. Although it is hard to quantify, the safety of the school children is the "value" the public entity gets back in return for spending public funds. We believe the proposed sharing of costs for the sidewalk construction is reasonable and does not amount to a prohibited donation of public funds.
Accordingly, it is the opinion of this office that the Jefferson Davis Parish School Board and the City of Jennings may enter into an intergovernmental agreement splitting the portion of the total cost of the sidewalk which exceeds the grant. *Page 4 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: __________________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt